Moses King, Junior, *vs.* Fred B. Jeffrey.

Androscoggin. Opinion February 2, 1885.

*Audita querela. Pleadings. Practice.*

The declaration in a writ of *audita querela* is defective when it avers that the writ in the original action was seasonably served by summons left at the last and usual place of abode of the defendant therein named, "in said county," and does not aver that he did not live there.

The temporary absence from the State of the defendant in an action does not require a stay of the execution, or that a bond should have been filed before the same issued.

On exceptions.

*Audita querela* to vacate a judgment by default on a promissory note, rendered by this court in Androscoggin county, February 6, 1883, for eighty-four dollars and sixty-eight cents debt or damage and nine dollars and ninety-eight cents costs of suit, and for damages alleged to be five thousand dollars for the arrest and imprisonment of the plaintiff upon the execution issued upon that judgment.

The declaration averred that the original writ was dated October 30, 1882, and that the officer, November 15, 1882, "left a summons of said writ at the last and usual place of abode of said King in said county." . . . "And the plaintiff further says, that on the thirtieth day of October, A. D. 1882, and for a long time previous thereto, he was, and ever since has been, an inhabitant of the State of Maine ; that on the first day of November, A. D. 1882, he temporarily left the State of Maine, and did not return thereto, and was absent therefrom until the twentieth day of April, A. D. 1883 ; that he had no actual notice of the pendency of said suit against him, until after the rendition of said judgment therein ; and that both of said executions against him, as aforesaid, were illegally issued, the said Jeffrey well knowing when the same were issued that the said King had had no actual notice of the pendency of said action, until after judgment was rendered therein as aforesaid, and in that the said Jeffrey gave no bond to the plaintiff, as required by law, before, in such case, an execution could lawfully issue on said judgment."

On demurrer the declaration was adjudged bad by the presiding justice and the plaintiff alleged exceptions.

*Frank W. Dana*, ( *W. F. Estey* with him,) for the plaintiff, cited : *Folan* v. *Folan*, 59 Maine, 566 ; *Staples* v. *Wellington*, 62 Maine, 13 ; *Bryant* v. *Johnson*, 24 Maine, 304 ; *Barker* v. *Walsh*, 14 Allen, 172 ; *Merritt* v. *Marshall*, 100 Mass. 244 ; *Foss* v. *Witham*, 9 Allen, 572 ; *White* v. *Clapp*, 8 Allen, 283 ; *Hawley* v. *Mead*, 52 Vt. 343 ; *Fairbanks* v. *Devereaux*, 2 Law & Eq. Rep. 386 ; *Marvin* v. *Wilkins*, 1 Aik. 107 ; *Weston* v. *Blake*, 61 Maine, 452 ; *Laughton* v. *Harden*, 68 Maine, 210 ; *Little* v. *Cook*, 1 Aik. 363 ; 10 Mass. 103 ; 17 Mass. 159 ;

*Penobscot R. R. Co.* v. *Weeks*, 52 Maine, 458; *Creeps* v. *Burden*, 1 Smith's L. Cas. 833.

*N. and J. A. Morrill*, for the defendant, cited : R. S., c. 81, § 17; c. 82, § § 3, 6; *Jackson* v. *Gould*, 72 Maine, 341; *White* v. *Clapp*, 8 Allen, 283; *Sanborn* v. *Stickney*, 69 Maine, 343; *Bryant* v. *Johnson*, 24 Maine, 306; 3 Bl. Com. 406; Jacob's Law Dict. Tit. *Audita Querela;* Bac. Abr. Tit. *Audita Querela;* Com. Dig. Tit. *Audita Querela; Lovejoy* v. *Webber*, 10 Mass. 101.

HASKELL, J.   *Audita querela,* seeking to vacate a judgment of this court and to annul an execution issued upon it, whereon the plaintiff has been imprisoned, and to recover damages suffered thereby.

This writ alleges the plaintiff and defendant both to be of Lewiston in the county of Androscoggin. The declaration states, that the officer's return on the original writ shows, that it was served by attachment of real estate and summons seasonably left, " at the last and usual place of abode of the said King," this plaintiff, " in said county," meaning the county of Androscoggin, and that, at the time of suing out the same and of the service thereof, this plaintiff, the defendant in that action, was an inhabitant of the State. It does not aver that he was not an inhabitant of the county of Androscoggin, or that he did not live there. His counsel does not suggest that the summons was not seasonably left at his domicil in that county. It follows therefore that the declaration fails to show, but that the original judgment, sought to be vacated, was rendered upon actual notice to the defendant in the original action, that is, legal service, seasonably made as required by statute. *Sanborn* v. *Stickney*, 69 Maine, 343. The temporary absence of the defendant in the original action from the State did not require a stay of execution, or that a bond should have been filed before the same issued. *Jackson* v. *Gould*, 72 Maine, 341.

The declaration therefore is fatally defective in substance, in that it does not show, but that the defendant in the original action was arrested upon a valid precept, properly issued upon a

valid judgment, rendered upon legal process duly served, by a court having complete jurisdiction of the parties and of the subject matter of the suit. The plaintiff fails to show, but that he has been imprisoned by due process of law, for the non-payment of a debt, to which he does not pretend to have any defense, legal, or equitable.

·                                        *Exceptions overruled.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and EMERY, JJ., concurred.